IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LEOPOLDO LEAL | § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No.  SA-13-CV-437-XR |
| JANIS JACK, | § § § | |
| *Defendant*. | § § § | |

**ORDER**

On this day, the Court considered the status of the above captioned case.  Plaintiff has filed several motions, each of which is addressed in turn.  Plaintiff's motions for (1) summary judgment, (2) a return of documents, (3) a permanent injunction; and 4) to vacate an earlier district court order are DENIED.  Plaintiff is required to serve the Defendant by October 15, 2013, or the case will be dismissed.

**BACKGROUND**

The origins of this case lie in Plaintiff Leopoldo Leal's claim to be the rightful owner of a large tract of land in South Texas.  Mr. Leal has filed numerous lawsuits seeking ownership of the land, which includes the famous King Ranch.  During these cases, Mr. Leal has alleged various conspiracies and cover-ups aimed at depriving him of his rightful ownership interest.  In particular, Mr. Leal alleges that the current owners obtained the land "the old fashioned way" by killing his ancestors. (Doc. No. 4).  Mr. Leal further alleges that the land was taken over by German-American oil companies during World War II as a bridgehead for a Nazi invasion of the

U.S. from Mexico.[1] In 2004, one of Mr. Leal's many lawsuits seeking ownership of the land was removed to Defendant Judge Janis Jack's Court in Corpus Christi. After granting summary judgment for the current landowners, Judge Jack enjoined Mr. Leal from filing further suits. *Leal v. John G. & Marie Stella Kenedy Foundation*, CA No. 2:04-CV-04941 (S.D. Tex. Dec. 20, 2004) (Doc. No. 33). Mr. Leal expressly disobeyed this order and filed an identical lawsuit on April 4, 2005, in the Western District of Texas. See, *Leal v. Kerr-McGee Corp.*, 2005 WL 1711191 (W.D. Tex. July 15, 2005) (describing the history of Plaintiff's litigation). Accordingly, Judge Jack granted a motion for contempt against Mr. Leal, wherein he was allegedly labeled a "vexatious litigant." This outcome aroused Mr. Leal's suspicion that Judge Jack was part of a larger conspiracy to deprive him of his land.

Mr. Leal then filed this case on August 12, 2012, in the 285th Judicial District of Bexar County. The Petition alleges that the Judge Jack slandered Mr. Leal by calling him a "vexatious litigant," and committed various criminal offenses. In particular, Mr. Leal alleges that Judge Jack had the U.S. Marshals come to his home to either murder him or to plant evidence of a crime. (Pet. at 4). The case was removed to this Court under 28 U.S.C. 1442(a)(1). The record indicates that proper service has not yet been executed. Mr. Leal has filed a variety of motions in this case, each of which is addressed below

## DISCUSSION

A. <u>Motion for Summary Judgment</u>

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P.

---

[1] Mr. Leal appears to be alluding to the Zimmerman Telegram of 1917, a World War I incident in which the German Empire proposed an alliance with Mexico in the event of a U.S. entry into the war. In return, Mexico was to receive Texas, Arizona, and New Mexico when and if the Central Powers prevailed. When the U.S. did enter the war later that year, the Mexican government formally declined Germany's request.

56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-252 (1986). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails . . . to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The court must draw reasonable inferences and construe evidence in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

      Mr. Leal's motion for summary judgment largely focuses on allegations that Judge Jack violated the criminal law. Specifically, the motion alleges "kidnapping, false imprisonment, extortion, [and] conspiracy to commit murder." (Doc. No. 4). As an initial matter, individual citizens generally cannot enforce criminal laws. *Balawajder v. Jacobs*, 220 F.3d 586, (5th Cir. 2000). This, however, does not end the analysis because this Court is under an obligation to construe a *pro se* Plaintiff's allegations broadly. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). The Court finds that Mr. Leal is alleging that the "vexatious litigant" label violated his due process rights by impeding his access to the courts. In addition, Mr. Leal's allegations could be construed as asserting a *Bivens* action against the Judge Jack for violating his Fourth and Fourteenth Amendment rights by allegedly sending the Marshals Service to intimidate him.

      In addition to being premature, the motion for summary judgment is denied because Mr. Leal has failed to produce sufficient evidence. It is established that federal courts (such as the one presided over by Defendant) have the inherent power to impose sanctions on vexatious litigants. *Newby v. Enron Corp.*, 302 F.3d 295, 302 (5th Cir. 2002); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) (discussing inherent power of the federal courts to sanction litigants).

While the possibility exists that a judge could abuse this power, no evidence has been produced in this case to suggest that Judge Jack has violated Mr. Leal's rights.[2] Mr. Leal claims that the "vexatious litigant" label barred him from the courts. However, Mr. Leal has had numerous opportunities to litigate. Mr. Leal's due process rights have not been violated by the fact that he has not prevailed in any of his claims, nor by the fact that courts have taken reasonable measures to prevent Mr. Leal from crowding their dockets with cases that have already been decided. Mr. Leal has not shown any evidence that would indicate Judge Jack labeled him a vexatious litigant in a bad faith attempt to preclude him from litigating legitimate claims. Moreover, Mr. Leal has failed to produce evidence, other than his own assertions, that Judge Jack harassed him with the Marshals Service.

Mr. Leal's summary judgment evidence consists of a return letter from the Department of Justice ("DOJ"), and his own sworn affidavit. The letter from the Correspondence Management Staff at the DOJ proves that Mr. Leal has complained of Defendant's alleged misconduct.[3] It does not prove that complained of conduct actually occurred. The sworn affidavit repeats the allegations against Judge Jack, but does not offer any new evidence that tends to show that she acted in the manner alleged. Mr. Leal alleges that he is entitled to relief "as a matter of law" because Judge Jack has refused to answer the complaint. Judge Jack is not required to answer the complaint until service is properly executed. FED. R. CIV. P. 12 (a)(1)(A). Mr. Leal's own statements are insufficient to establish that he is entitled to relief. In repeated filings, Mr. Leal has complained that courts have not listened to his complaints. Mr. Leal, like every other litigant, must produce evidence other than his own assertions in order to have his case proceed.

---

[2] It does not appear to the Court that the Defendant behaved improperly in any respect.
[3] The letter states that the DOJ has no jurisdiction over state crimes and that the Department considers its role in the matter finished. (Doc No. 5).

Since Mr. Leal has not yet met his burden of producing evidence, the motion for summary judgment is denied.

    B. Motion for Return of Documents

On July 23, 2013, Mr. Leal filed a miscellaneous motion seeking the return of "countless" documents that he submitted to the DOJ. (Doc. No. 8). Mr. Leal apparently voluntarily sent the DOJ various documents as supporting material when he submitted a complaint against Judge Jack. Mr. Leal cites no legal authority to establish this Court's power to order the Executive Branch to turn over documents in a case in which the government is not a party. Accordingly, the motion to compel the return of the documents is denied.

    C. Motion for Permanent Injunction

Mr. Leal also seeks a permanent injunction evicting "the parties protected by Defendant."[4] (Doc. No. 9 ¶ 9). There are several reasons why this motion is denied. As an initial matter, it is premature for this Court to grant a permanent injunction. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 396 (1981) ("[A] permanent injunction is generally only granted where, as here, a full trial on the merits has occurred"). A permanent injunction is appropriate when a plaintiff demonstrates: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *ITT Educ. Servs., Inc. v. Arce*, 533 F.3d 342, 347 (5th Cir. 2008) (quoting *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). In his motion for a permanent injunction, Mr. Leal has not established any of the above listed factors. Mr. Leal's requested relief would

---

[4] The Court construes this as the current occupants of the land Plaintiff seeks.

apply to the current landowners, who are not a party to this case. Under Rule 19, the current landowners would be necessary parties to this litigation because proceeding without them would impede their ability to protect their interest in the land. In addition, it appears highly likely that any action against the current landowners would be barred by res judicata since Mr. Leal's case has already directly litigated the ownership issue with those parties.[5]

D. Motion to Vacate Order Declaring Plaintiff a Vexatious Litigant

On September 6, 2013, Mr. Leal filed a motion seeking to vacate the Judge Jack's order allegedly labeling him a "vexatious litigant." (Doc. No. 11). Mr. Leal has cited no legal authority establishing this Court's jurisdiction to sit in judgment of another district court. Accordingly, the motion to vacate is denied.

E. Service of Process

As of September 18, 2013, Judge Jack has not been properly served or agreed to waive service. Although Judge Jack is aware of this lawsuit, Mr. Leal must still provide proper service in accordance with the federal rules for this case to proceed.[6] Failure to do so by **October 21, 2013,** will lead to this case being dismissed under FED. R. CIV. P. 4(m). Since Mr. Leal is suing a federal judge in her individual capacity, service is governed by Rule 4(i)(3).[7] Mr. Leal is therefore required to serve both Defendant and the United States. Service on the U.S. requires service on either the U.S. Attorney for the Western District of Texas or the Attorney General in Washington D.C. FED. R. CIV. P. 4(i). Mr. Leal is prohibited from filing additional motions until

---

[5] See, e.g., *Leal v. King Ranch*, 2011 WL 3366373 (Tex. App. – Corpus Christi, Aug. 4, 2011, no-Pet).

[6] To reiterate, a defendant's awareness of the case does not obviate a plaintiff's responsibility to serve process.

[7] Rule 4 (i)(3) provides in full: To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

service has been executed and Defendant has a chance to answer or otherwise respond to Mr. Leal's lawsuit. Failure to abide by this restriction could result in the case being dismissed.

## CONCLUSION

In light of the foregoing analysis, Plaintiff's motion for summary judgment (Doc. No. 4) is DENIED. Plaintiff's motion for a return of documents (Doc. No. 8) is DENIED. Plaintiff's motion for a permanent injunction (Doc No. 9) is DENIED. Plaintiff's motion to vacate (Doc. No. 11) is DENIED. Plaintiff is ORDERED to serve Defendant properly by **October 21, 2013.** Failure to properly serve Defendant by that time will result in the case being dismissed.

SIGNED this 23rd day of September, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE